

# THE ATTORNEY GENERAL
## OF TEXAS

March 31, 1988

JIM MATTOX
ATTORNEY GENERAL

Honorable Charles D. Houston
District Attorney
155th Judicial District
One East Main
Bellville, Texas 77418

Opinion No. JM-879

Re: Authority of the county auditor to require travel documentation from county commissioners and related questions (RQ-1328)

Dear Mr. Houston:

You ask the advice of this office relative to the authority of the county auditor to require travel documentation from members of the commissioners court who receive fixed monthly travel allowances pursuant to section 152.011 of the Local Government Code (formerly found in article 3912k, V.T.C.S.). Additional questions submitted relate to whether the following types of travel by members of the commissioners court are reimbursable:

> 1. Travel from residence to courthouse to attend meetings.

> 2. Travel for the purpose of inspecting roads and overseeing the repair and maintenance thereof.

> 3. Travel for the purpose of attending dedications and other civic ceremonies.

> 4. Travel for the purpose of attending County Fairs and other public celebrations.

Section 152.011 of the Local Government Code provides:

> The commissioners court of a county shall set the amount of the compensation, office and travel expenses, and all other allowances for the county and precinct

officers and employees who are paid wholly
from county funds.

In Attorney General Opinion H-992 (1977), it was
stated that where the commissioners court had set a fixed
amount to be paid county and precinct officials for travel
allowance pursuant to article 3912k (now section 152.011
of the Local Government Code), the legislature apparently
did not intend that the members of the commissioners court
would be required to show that traveling expenses allowed
them had actually been incurred before payment could be
made. However, it was concluded that the allowances must
be reasonably related to expenses actually incurred.

In Attorney General Opinion JM-148 (1984), it was
concluded that the commissioners may fix the amount of
travel expenses allowed to the members of the
commissioners court so long as the allowance is reasonably
related to official county business.

The question of whether a commissioners court may
expend county travel funds to oppose issuance by the
Alcoholic Beverage Commission of a private club permit was
addressed in Attorney General Opinion JM-350 (1985).
Under section 11.43 of the Alcoholic Beverage Code, the
Alcoholic Beverage Commission has discretionary authority
to grant such permits. Section 11.41(b) of the code
provides that the commission or administrator may give
consideration to a recommendation made in writing by the
commissioners court of the county in which an applicant
proposes to conduct his business. While personal appear-
ances at the hearing were not a prerequisite to consider-
ation by the commission, the opinion noted that in-person
advocacy might prove to be a more effective method of
persuasion. It was concluded that if the commissioners
court deems it to be in the interest of the county to do
so, it may expend county travel funds for opposing an
application for a private club.

A careful reading of the statute now codified as
section 153.011 of the Local Government Code, and of the
foregoing opinions construing the predecessor statute,
former article 3912k, V.T.C.S., dictates that the commis-
sioners court may establish the amount of automobile
expenses to be allowed county and precinct officials and
that such officials are not required to furnish documenta-
tion to the county auditor before payment of such allow-
ance is made. However, in setting the amount of travel
allowance, the commissioners court is required to follow
certain guidelines. First, the allowance must be

<u>reasonably related to official county business</u>; secondly, the amounts must be <u>reasonable in relation to expenses actually incurred or to be incurred</u>.

In Attorney General Opinion H-992, it was concluded that travel between home and office is not official travel subject to reimbursement in <u>normal circumstances</u>. Exceptional circumstances may dictate that such travel is in the best interest of the county and falls within the requirement that travel be reasonably related to county business. Travel for the purpose of inspecting roads and overseeing the maintenance thereof would be reimbursable to the extent that such activity is reasonably related to official county business. <u>See</u> County Road and Bridge Act, article 6702-1, V.T.C.S., for duties of members of the commissioners court in overseeing and maintaining roads.

Whether travel for public functions such as dedications, civic ceremonies and county fairs by members of the commissioners court is reimbursable must turn on whether attendance is in the interest of the county or whether it is solely for the personal purposes of the individual official.

In the final analysis, the allowance must be governed by what amount the commissioners court, in good faith, deems to be necessary for travel reasonably related to county business. Whether attendance at a certain type of activity by a member of the commissioners court is reasonably related to county business is a factual determination to be made by the commissioners court, on a case by case basis.

### S U M M A R Y

The county auditor may not require documentation from members of the commissioners court who receive fixed monthly travel allowances. Travel from a residence to the courthouse by a member of the commissioners court for the purpose of attending meetings is not <u>normally</u> reimbursable. Travel for the purpose of inspecting roads and overseeing the maintenance thereof is reimbursable insofar as it is reasonably related to county business. <u>See</u> County Road and Bridge Act, article 6702-1, V.T.C.S., for duties of commissioners court in overseeing and maintaining roads. Whether attendance at public functions such as dedications, civic

ceremonies and county fairs is reimbursable is a factual determination which must be made on a case by case basis by the commissioners court. Such travel is reimbursable when presence by the commissioner at the activity has a reasonable relationship to county business. Amounts must be fixed at a figure reasonably related to expenses actually incurred.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General